B. A. BELCHER, Appellee, v. HOSEA BALLOU, Appellant.

**Alienation of wife's affections:** DIRECTION OF VERDICT.   Refusal to
1    direct a verdict for defendant on a count in the petition, which is
     wholly unsupported by the evidence, is error.

**Argument:** MISCONDUCT.   Persistent reference in argument to the
2    absence from the courtroom of a party to the action, statements of
     irrelevant scandals affecting the witness, and reference to the finan-
     cial condition of the parties, constitute such misconduct as will
     authorize a reversal.

*Appeal from Cedar District Court.*— HON. H. B. MILLER,
Judge.

WEDNESDAY, JULY 13, 1904.

ACTION to recover damages.   Verdict and judgment for
plaintiff, and defendant appeals.   A statement of the ma-
terial facts is contained in the opinion.— *Reversed.*

*John T. Moffit, J. P. Ferguson,* and *Jamison & Smyth,*
for appellant.

*Wright, Leech & Wright,* for appellee.

WEAVER, J.— The plaintiff, Byron A. Belcher, and Ida
M. Root were married in the year 1875.   They maintained
family relations until the year 1899, when a separation took

place; the wife removing from the State and obtaining a divorce. Soon after the separation, the plaintiff instituted this action; charging his domestic troubles to the wrongful acts of the defendant. By the first count of his petition, he alleges that defendant, by his attentions and flatteries, obtained great influence over plaintiff's wife, and led her to withdraw her confidence, affection, and companionship from her husband. By a second count, he charges the defendant with having had criminal intercourse with his wife on sundry occasions, and demands damages for the alleged wrongs thus sustained by him. There were a trial to a jury, and verdict and judgment for the plaintiff.

I. A reversal of this judgment is asked in this court on account of several alleged errors of the trial court in ruling on the admission of evidence, and upon instructions given

1. DIRECTION OF VERDICT. and refused, and because of the insufficiency of the evidence to support the verdict. As a new trial must be ordered, we shall not enter upon a discussion of the testimony further than is necessary to make clear the basis of our decision. We are inclined to the view that the testimony was sufficient to carry the case to the jury on the first count of the petition, but we are united in the opinion that the request of the defendant for an instructed verdict in his favor upon the second count, charging criminal intercourse, should have been granted. The woman who has admittedly been a faithful wife and mother for a quarter of a century, and then deserts her husband for the arms of an adulterer, is so rare an exception to her kind that the brand of infamy should not be placed upon her, even indirectly, unless the charge be supported by something more substantial than the highly wrought suspicions of a mind inflamed by jealousy. We have read the entire record with care, and are wholly unable to find evidence of any fact or circumstance upon which a verdict for plaintiff on this count can be sustained. It is possible, of course, that the jury gave no weight or credit to this charge, and that the verdict was based

entirely upon the first count of the petition, but this is a question we cannot investigate. It was the defendant's right to have the unsupported charge eliminated from the case before its submission to the jury. The error in refusing to direct a verdict on this count was clearly prejudicial.

II.   In the course of his argument to the jury, counsel for appellee told the jury that Ballou, the defendant, was not in the courtroom, because he " did not dare to stay," and

**2. ARGUMENT: misconduct.**   that he (counsel) had instructed his client to be present during all the time the trial was in progress.   Upon objection being made and sustained to this statement, counsel responded:  " I say it is in evidence that Mr. Ballou is not here; it is not in evidence that Mr. Belcher is in this courtroom and looks at the jury and the lawyers; but I do say it is the duty of this jury to take into consideration the demeanor of these witnesses while testifying, and to consider whether or not they face the music, in determining what the rights of these parties are here." Later, in speaking of a witness who had testified upon part of the defendant, counsel said to the jury: " It is common talk in the vicinity in which Mr. Clay lives that he seduced Mrs. Clay's sister." And again: " Mr. Jamison said that Mr. Ballou was rich, and Mr. Belcher is poor. Their man is rich, and our man is poor, and that is the reason why we cannot get the testimony." The first of these statements, while improper, might well be held insufficient in itself to justify a reversal. But the persistence of counsel in re-affirming the objectionable language after being told by the court to desist, and thus overriding the adverse ruling, cannot be upheld. The further statements to the jury concerning a scandal in no manner connected with the case on trial, and the declaration that plaintiff's poverty and defendant's wealth had prevented the production of testimony, are too manifestly improper to require anything more than their simple statement. We are not disposed to unduly restrict the scope of argument to the jury, but it is the right of every

party to litigation, and especially a litigation involving private character and domestic happiness, to have his case submitted to the triers of fact unhandicapped by irrelevant scandals or appeals to mere passion and prejudice. That right, we think, was not properly respected in the present instance. The reputable character and standing of counsel acquit him of any intentional disregard of professional duty, and the lapse of which complaint is made is doubtless chargeable to the heat of debate and zeal in his client's cause. But the dangerous influence of such arguments is not lessened by the absence of unworthy motive in the person presenting them.

III. Of the errors assigned upon rulings on the introduction of evidence, we have to say that in some instances no proper objection or exception seems to have been preserved, and in others the rulings appear to be correct. A motion has been filed in this court to affirm the judgment appealed from, because, as alleged, the appellant's abstract " is unjust, improper, and has manifestly been made for the purpose of deceiving and misleading the court." The abstract is not as full, clear, and specific as it might be, but we find in it no indication that it was not prepared and filed in good faith; nor do we think it so defective as to deceive or mislead the court upon matters essential to the proper disposition of the appeal. The motion is therefore overruled.

For the reason stated in the foregoing opinion, the case will be remanded to the district court for a new trial.— REVERSED.